

**Mark Siegmund, Esq.**
Associate University Counsel
Office of University Counsel

March 27, 2020

**VIA ECF**
Hon. Mary Kay Vyskocil
U.S. District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:  *Mendoza v. Cornell University a/k/a Weill Cornell Medical College*, No. 1:20-cv-02110

Dear Judge Vyskocil:

This office represents defendant Cornell University ("Cornell") in the above-referenced action. In accordance with Rule 4(A)(i) of Your Honor's individual rules, I respectfully request that the Court schedule a pre-motion conference or set a briefing schedule with respect to Cornell's anticipated motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6), or.

Plaintiff alleges that she was employed at an hourly rate as a housekeeper at Cornell for approximately 13 years until 2019.  Compl. ¶¶ 8-9.  She alleges she "regularly worked extra hours for which she was not compensated" because she "generally" worked through lunch breaks, and that Cornell knew or should have known she worked extra hours because her work was "visible to management."  *Id.* ¶¶ 10-11.  She asserts claims for (1) overtime violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), (2) "failing to pay gap time" under the NYLL, and (3) "failing to give proper notice under the Wage Theft Prevention Act."  *Id.* ¶¶ 12-17.  The complaint should be dismissed for several reasons.

First, Plaintiff fails to state claims for overtime violations.  The FLSA and NYLL require employers to pay employees at a rate of one and a half times the regular hourly rate for hours worked above 40 hours per week.  *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. §§ 142-2.2, 146-1.4.  "Under both the FLSA and NYLL, all of the time worked during a continuous workday is compensable, save for bona fide meal breaks."  *Gamero v. Koodo Sushi Corp.,* 272 F. Supp. 3d 481, 499 (S.D.N.Y. 2017) (internal quotation marks and citations omitted), *aff'd*, 752 F. App'x 33 (2d Cir. 2018); *see* 29 C.F.R. §§ 785.18, 785.19(a).  "'Bona fide meal periods' are those during which the employee is not required to work."  *Duverny v. Hercules Medical P.C.*, 2020 WL 1033048, at *4 (S.D.N.Y. Mar. 3, 2020) (citing *Reich v. S. New England Telecomm's Corp.*, 121 F.3d 58, 64 (2d Cir. 1997)).  An employee works during a meal period if she "performs activities predominantly for the benefit of the employer."  *Reich*, 121 F.3d at 64.

"'[I]in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'"  *Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71, 75 (2d Cir. 2019) (quoting



T: 212.746.4371
mas4038@med.cornell.edu

445 East 69th St., Suite 405
New York, NY 10021

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)).  Plaintiff must "provide sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week." *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).  Plaintiff is not required to "plead [her] hours with mathematical precision," but is required to draw on her "memory and experience" to provide a complaint with "sufficiently developed factual allegations." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir. 2013), *cert. denied*, 71 U.S. 1128 (2014). "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy*, 711 F.3d at 114 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The pleading standard for NYLL overtime claims is identical to that for FLSA overtime claims.  *See Dejesus*, 726 F.3d at 89 n.5.

Here, Plaintiff does not "provide sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201.  Although she alleges that during the week of July 11, 2018, she worked "approximately 5 hours more than" the 43 hours for which she was paid "since she *generally* worked through lunch every day," Compl. ¶ 10 (emphasis added), this conclusory allegation is insufficient to claim an overtime violation.  Plaintiff does not allege, for instance, whether Cornell had fixed lunch break periods, whether such breaks were unpaid, how long such breaks were, whether she actually worked through such breaks during the week of July 11, 2018, how many breaks she worked through, what work and how much work she performed during any such breaks, or whether she ever informed her employer that she performed unpaid work.  Nor does she specifically allege any unpaid overtime in any other week.  *See Romero v. Metropolitan Transp. Auth.*, 2020 WL 1221004, at \*2-3 (S.D.N.Y. Mar. 12, 2020) (dismissing overtime claims where plaintiffs failed to "explain the number of weeks that overtime pay was miscalculated"); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007) (plaintiff must "indicate the applicable rate of pay and the amount of unpaid . . . overtime wages due").

Indeed, Plaintiff's conclusory allegations that she "regularly worked extra hours for which she was not compensated" and "generally worked through lunch," Compl. ¶ 10, are virtually identical to language that courts have held to be insufficient to support a claim for overtime pay. *See Bonn-Wittingham*, 792 F. App'x at 75 ("Allegations that an employee 'occasionally' or 'typically' missed breaks provides 'nothing but low-octane fuel for speculation, not the plausible claim that is required.'") (quoting *Lundy*, 711 F.3d at 115); *Dejesus*, 726 F.3d at 89 (allegations that plaintiffs "'regularly worked' more than forty hours a week and were not properly compensated" held insufficient) (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012)); *accord Bustillos v. Academy Bus, LLC*, 2014 WL 116012, at \*2 (S.D.N.Y. Jan. 13, 2014); *see also Sampson v. Medisys Health Network Inc.*, 2011 WL 579155, at \*4 (E.D.N.Y. Feb. 8, 2011) (allegations that plaintiffs "have worked on their meal and break time" held insufficient).

Upon dismissal of Plaintiff's overtime claims, the Court should decline to exercise supplemental jurisdiction over her remaining NYLL claims.  *See* 28 U.S.C. § 1367(c)(3).  While courts have considered overtime claims under the FLSA and NYLL together on a motion to dismiss, *see, e.g.*, *DeJesus*, 726 F.3d at 89 n.5; *Nakahata*, 723 F.3d at 200-01, courts have consistently declined to



exercise supplemental jurisdiction over other NYLL claims upon dismissal of FLSA claims. *See, e.g.*, *Donato v. Service Experts, LLC*, 2018 WL 4660375, at *5 (E.D.N.Y. Sept. 28, 2018).

Alternatively, the Court should dismiss Plaintiff's remaining NYLL claims for failure to state a claim. Plaintiff's "gap time" claim should be dismissed because she does not allege "unpaid work under 40 hours." *Lundy*, 711 F.3d at 115; *see Crespo v. County of Monroe, New York*, 2015 WL 2406112, at *5 n.2 (W.D.N.Y. May 20, 2015) (characterizing "gap time" as "unpaid time below the 40–hour threshold"), *reconsideration denied by* 2015 WL 4761638 (W.D.N.Y. Aug. 12, 2015). Rather, she alleges that she worked unpaid *overtime*. Compl. ¶ 10; *see Spataro v. Government Employers Ins. Co.*, 2014 WL 3890222, at *4 n.3 (E.D.N.Y. Aug. 6, 2014) (complaint "does not allege a 'gap-time' claim" if it "asserts only a claim for overtime pay"), *further proceedings at* 2015 WL 5599162 (E.D.N.Y. Sept. 22, 2015). In any event, her "general and conclusory" allegations of unpaid work are insufficient to state a gap time claim. *See, e.g.*, *Gregory v. Stewart's Shops Corp.*, 2015 WL 893058, at *5 (N.D.N.Y. Mar. 2, 2015).

Plaintiff's claim that she was not given "proper notice" under New York's Wage Theft Prevention Act ("WTPA") (Compl. ¶ 17), which allow an employee to assert a damages claim against her employer if she is not provided a wage notice within 10 days of her initial hiring, NYLL §§ 195(1)(a), 198(l-b), should be dismissed for two reasons. *First*, Plaintiff does not allege any facts in support. *See Iqbal*, 556 U.S. at 678 ("naked assertion[s] devoid of further factual enhancement" are insufficient) (internal quotation marks and citation omitted); Fed. R. Civ. P. 8(a). *Second*, she alleges that she began working at Cornell in approximately 2006, Compl. ¶ 8, but "an employee who began working before the WTPA took effect on April 9, 2011, may not bring a claim for an employer's failure to provide wage notices." *Gamero*, 272 F. Supp. 3d at 510 (internal quotation marks and citation omitted), *aff'd*, 752 F. App'x 33 (2d Cir. 2018).[1]

Finally, Plaintiff's claims should be dismissed at least in part on statute of limitations grounds. The statute of limitations is two years under the FLSA, except for "willful" violations which are subject to a three year limitations period. *See* 29 U.S.C. § 255(a). "To state a claim for a willful violation of the FLSA, the complaint must allege more than an ordinary violation." *Joya v. Tutto Fresca Italian Food LLC*, 2019 WL 3282941, at *2 (E.D.N.Y. Jul. 22, 2019) (internal quotation marks and citation omitted). The statute of limitations under the NYLL is six years. NYLL § 663(3). Here, the Complaint was filed on March 10, 2020, and Plaintiff does not allege any "willful" violations. *See* ECF No. 1. Therefore, her FLSA claim is time-barred with respect to any alleged violations occurring prior to March 10, 2018, and her NYLL claims are time-barred with respect to alleged violations occurring prior to March 10, 2014. *See, e.g.*, *Watkins v. First Student, Inc.*, 2018 WL 1135480, at *8 (S.D.N.Y. Feb. 28, 2018).

---

[1] Plaintiff may not assert a claim for failure to receive *annual* notices, because this requirement was only in effect "from February 1, 2012 through February 1, 2015," *Dowd v. 6675 Transit Rd LLC*, 2017 WL 5713956, at *3 (W.D.N.Y. Oct. 23, 2017) (Report & Recommendation), *adopted by* 2017 WL 5675828 (W.D.N.Y. Nov. 27, 2017), and "in any event, an employee did not have a private right of action to challenge an employer's failure to provide an annual wage notice." *Sell It Social, LLC v. Strauss*, 2018 WL 2357261, at *15 n.5 (S.D.N.Y. Mar. 8, 2018).



March 27, 2020                                                                                                    Page 4

Respectfully submitted,

<u>/s/ Mark Siegmund</u>

Mark Siegmund

cc:     David Abrams, Plaintiff's Attorney (via ECF)

