David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
Tel. 212-897-5821 Fax 212-897-5811


April 1, 2020

To:    Hon. Mary K. Vyskocil                                      (by ECF)
       United States District Court
       Southern District of New York
       500 Pearl Street
       New York, NY 10007


Re:    Mendoza v. Cornell University
       Case No. 20 cv 2110 (MKV)

Dear Judge Vyskocil:

       This office represents the Plaintiff in the above-referenced matter.  Pursuant to
Your Honor's individual practices, I respectfully write in response to Defendant's letter of
March 27, 2020 requesting a pre-motion conference.  As set forth in more detail below,
Defendant's proposed motion is completely lacking in merit.  Nevertheless, I have
determined to file an Amended Complaint as this would appear to be the most expedient
way to resolve the issues raised by the Defendant.

       Most importantly, Plaintiff's allegations more than satisfy the requirement of
plausibly alleging that she regularly worked uncompensated overtime.  The Complaint
even provides an example week -- that of July 11, 2018 -- and an estimate of the number
of overtime hours worked during that week.  (*See* Complaint Para. 10).

       Defendant's position seems to be that the Complaint is deficient because it does
not answer various questions such as whether the Defendant had fixed lunch break
periods; whether such breaks were unpaid; how long such breaks were; and so forth.
Although I do not believe that these questions need to be answered to satisfy the pleading
standards, in order to remove all doubt I am in the process of preparing an Amended
Complaint which addresses these issues.  I anticipate filing the Amended Complaint in
the next week or two.

       With respect to Defendant's remaining arguments, I note that the Defendant's
noncompliance with the Wage Theft Prevention Act resulted from its failure to provide
pay stubs which accurately reflected the number of hours worked.  *See* New York Labor
Law Section 195(3).  I will make this point clear in the Amended Complaint.  Further,
Defendant is incorrect when it states that the Complaint does not seek "gap time."  (*See*
Complaint Para. 17.)  Nevertheless, the Amended Complaint will make abundantly clear
that my client is seeking recovery for all unpaid hours, including so-called "gap time"
hours.

**[continued on next page]**

David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
Tel. 212-897-5821 Fax 212-897-5811


Finally, with respect to the statute of limitations argument, there is no need for the Defendant to make a motion.  My client is not seeking recovery for claims which fall outside the applicable statute of limitations (2 years for her federal claims and 6 years for her state claims).  Although there is technically no need to plead this issue (because the statute of limitations is an affirmative defense), I will make this clear in the Amended Complaint.

Respectfully yours,

David Abrams

cc:     Defendant's counsel                            (by ECF)