David Abrams, Attorney at Law
305 Broadway Suite 601
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York
_____

|  |  |
|---|---|
| Miluska Mendoza, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| - against - ) | Index No.:20cv2110(MKV) |
| ) | |
| Cornell University a/k/a ) | |
| Weill Cornell Medical College, ) | |
| ) | |
| Defendant. ) | |

_____)

## AMENDED COMPLAINT

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Introduction**

1.   This is an action for violation of the Fair Labor Standards Act and the New York Labor Law.

**II.   Parties**

2.   Plaintiff Miluska Mendoza ("Plaintiff" or "Ms. Mendoza") is a natural person residing in the State of New York, County of Bronx.

3.   Defendant Cornell University a/k/a Weill Cornell Medical College (the "Employer") is an entity located in the State of New York which operates a hospital in New York County.

**III.    Venue & Jurisdiction**

4.     Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) in that the Employer maintains a continuous and systematic presence in the Southern District.  Further, this matter arises from the Employer's activities in the Southern District, specifically the employment of the Plaintiff.

5.     Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act.

6.     Personal jurisdiction exists over the Defendant in that it is headquartered in the State of New York.

**IV.    Background**

7.     The Employer operates a hospital in Manhattan.

8.     Plaintiff was employed by the Employer as a housekeeper for approximately 13 years until her separation from employment in or about April of 2019.

9.     Plaintiff was paid an hourly rate for her services.  During her last few years of employment, her rate of pay was approximately $20 per hour.  However the Defendant's records, incorporated herein by reference, disclose her exact hourly rate of pay.

10.    Plaintiff regularly worked extra hours for which she was not compensated in that she generally worked through lunch even though her pay was determined as if she had taken an hour lunch every day.

11.    More specifically, for workers such as Plaintiff, the Defendant had a "standard" workweek which consisted of 5 shifts of 8 hours each with a 1 hour unfixed unpaid lunch

break in each shift.  Thus, if Plaintiff were to conform exactly to this standard workweek, she would work a total of 35 hours and receive a 1-hour lunch break each shift.

12.	Plaintiff's normal workweek consisted of 5 shifts, Monday through Friday although she sometimes worked an extra shift on a weekend.  For example, the week of June 11, 2018, Plaintiff worked 6 shifts -- Monday through Saturday.  Plaintiff estimates that she worked such an extra shift between 20 and 40% of the weeks she worked for the Defendant, although the Defendant's records, incorporated herein by reference, disclose the exact weeks in which she worked extra shifts.

13.	In reality, Plaintiff worked through lunch about 80% of the time and when she did take a lunch break, it was generally approximately 30 minutes and never exceeded 45 minutes.  The work Plaintiff performed instead of taking lunch was substantially similar to the housekeeping work she did at other times, i.e. cleaning various areas of the Defendant's hospital.

14.	Thus, in a standard workweek, Plaintiff would actually work approximately 39 to 40 hours but be paid for only 35 hours.

15.	Thus, during the week of June 11, 2018, Plaintiff worked approximately 48 hours but was paid for only 43.  This is a result of Plaintiff's practice, as described above, of working through lunch.

16.	Despite this extra work, Plaintiff was instructed by her supervisor Inez that she should complete her time sheet as if she had taken the full lunch hour.

17.	The Employer knew or should have known that Plaintiff was working extra hours because work was performed on the Employer's premises and was visible to

management.  Moreover, she complained about the situation to Marie Berger (director of housekeeping services) about the extra work she was doing, but nothing was done.

18. Plaintiff estimates that she worked at least approximately 1000 hours for which she was not paid during the last 5 years of her employment, of which at least approximately 200 are overtime hours based on the frequency at which she worked extra shifts.  These extra hours are spread roughly evenly over the entire period.

19. As a result of the above practices, Plaintiff received inaccurate paystubs.  In other words, her paystubs did not reflect her correct hours but rather the lower amounts which did not take into account her working through lunch.

**V.** **Causes of Action**

### Count I: Violation of the Fair Labor Standards Act

20. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

21. The Employer is covered by the Fair Labor Standards Act in that at all times relevant to this Complaint it operated a hospital.

22. The Employer violated the Fair Labor Standards Act by failing to pay proper overtime pay to Plaintiff for weeks in which she worked 6 or more shifts during the two-year period preceding March 10, 2020.

### Count III: Violation of New York Labor Law

22. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

23. New York Labor Law applies to Ms. Mendoza's employment since she was employed by the Employer within the State of New York.

24. The Employer violated New York Labor Law by failing to pay Ms. Mendoza proper overtime premiums and gap time during the 6-year period preceding March 10, 2020. The Employer also failed to give proper notice under the Wage Theft Prevention Act.

## VI.   Demand for Relief

WHEREFORE Plaintiff demands judgment against the Employer for lost wages and benefits, liquidated damages, compensatory damages and punitive damages together with appropriate interest, attorneys fees, costs, and such further relief as the Court deems just, in a total amount not to exceed $150,000.

                              Respectfully submitted,

                              _____

                              David Abrams
                                Attorney for Plaintiff

                              305 Broadway Suite 601
                              New York, NY 10007
                              Tel. 212-897-5821
                              Fax  212-897-5811

Dated:     New York, NY
            April 15, 2020