UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Miluska Mendoza, | |
| Plaintiff, | |
| - against - | No. 1:20-cv-02110-MKV |
| Cornell University a/k/a Weill Cornell Medical College, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Mark Siegmund
Associate University Counsel
Sheryl Orwel
Senior Associate University Counsel
OFFICE OF UNIVERSITY COUNSEL
Weill Cornell Medicine
445 East 69th Street, Suite 405
New York, New York 10021
(212) 746-0463
mas4038@med.cornell.edu
sho2003@med.cornell.edu

Attorneys for Defendant Cornell University (s/h/a "Cornell University a/k/a Weill Cornell Medical College")

May 1, 2020

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 3

     A.   Plaintiff's Allegations ............................................................................................. 3

     B.   Procedural History ................................................................................................. 4

ARGUMENT ............................................................................................................................ 4

  I.   LEGAL STANDARDS ..................................................................................................... 4

  II.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE
       OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT AND
       NEW YORK LABOR LAW ...................................................................................... 5

     A.   Pleading Standards Applicable to Plaintiff's Overtime Claims .................................. 5

     B.   Plaintiff's Overtime Claims Fail to Meet These Pleading Standards ......................... 8

  III.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
        JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS ...... 13

  IV.   ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S
        REMAINING STATE LAW CLAIMS UNDER RULE 12(b)(6) ............................ 15

     A.   Plaintiff Fails To State A Claim For Violation Of The New York Labor Law's
        Gap Time Provision ............................................................................................. 15

     B.   Plaintiff Fails To State a Claim For Failure To Give Proper Notice Under The
        Wage Theft Prevention Act .................................................................................. 17

  V.   DISMISSAL SHOULD BE WITH PREJUDICE ........................................................... 18

CONCLUSION ....................................................................................................................... 18

**TABLE OF AUTHORITIES**

## Cases

*Almanzar v. C & I Assocs., Inc.*, 175 F. Supp. 3d 270, 278 (S.D.N.Y. 2016)..............................16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................................................................5, 8, 17

*Ayala v. Looks Great Services, Inc.*, 2015 WL 4509133 (E.D.N.Y Jul. 23, 2015)......................15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................................................5

*Bonn-Wittingham v. Project OHR, Inc.*, 2016 WL 7243541 (E.D.N.Y. Dec. 14, 2016),
     *aff'd*, 792 F. App'x 71 (2d Cir. 2019) ................................................................7, 10

*Burns v. Haven Manor Health Care Center, LLC*, 2015 WL 1034881 (E.D.N.Y. Mar. 10,
     2015)....................................................................................................................15

*Bustillos v. Academy Bus, LLC*, 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014) ......................10, 18

*Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)...................................................14

*Conyers v. Rossides*, 558 F.3d 137 (2d Cir. 2009) ..........................................................5

*Crespo v. County of Monroe, New York*, 2015 WL 2406112 (W.D.N.Y. May 20, 2015),
     *reconsideration denied by* 2015 WL 4761638 (W.D.N.Y. Aug. 12, 2015) .............................16

*Cromwell v. New York City Health & Hospitals Corp.*, 983 F. Supp. 2d 269 (S.D.N.Y.
     2013)....................................................................................................................16

*Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013), *cert. denied*, 71 U.S. 1128
     (2014) ...........................................................................................................passim

*Donato v. Service Experts, LLC*, 2018 WL 4660375 (E.D.N.Y. Sept. 28, 2018) ......................15

*Duverny v. Hercules Medical P.C.*, 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020) ......................6

*Fridman v. GCS Computer, LLC*, 2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) .......................7

*Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x
     33 (2d Cir. 2018) ..................................................................................................7

*Gregory v. Stewart's Shops Corp.*, 2015 WL 893058 (N.D.N.Y. Mar. 2, 2015).......................16

*Joza v. WW JFK LLC*, 2010 WL 3619551 (E.D.N.Y. Sept. 10, 2010) .........................................7

*Klein & Co. Futures, Inc. v. Bd. of Trade of the City of New York*, 464 F.3d 255 (2d Cir. 2006) ................................................................................................................14

*Kolari v. New York–Presbyterian Hosp.*, 455 F.3d 118 (2d Cir. 2006) ......................................14

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011) ........................................................5

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) .................passim

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ..........................................................4, 5

*Medina v. Ricardos Mechanical, Inc.*, 2018 WL 3973007 (E.D.N.Y. Aug. 20, 2018)................16

*Michelson v. Triple Crown Moving & Storage*, 2016 WL 11671518 (E.D.N.Y. Jul. 28, 2016)................................................................................................................................12

*Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013).............passim

*Park v. FDM Group (Holdings) PLC*, 2017 WL 946298 (S.D.N.Y. Mar. 9, 2017, *vacated in part on reconsideration by* 2018 WL 4100524 (S.D.N.Y. Aug. 28, 2018)..........................15

*Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012)..................................................................10

*Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58 (2d Cir. 1997) ......................6

*Sampson v. Medisys Health Network Inc.*, 2011 WL 579155 (E.D.N.Y. Feb. 8, 2011) ..............10

*Spataro v. Government Employers Ins. Co.*, 2014 WL 3890222 (E.D.N.Y. Aug. 6, 2014), 2015 WL 5599162 (E.D.N.Y. Sept. 22, 2015)..................................................................17

*U.S. Bank Nat. Ass'n v. Bank of Am., N.A.*, 2012 WL 6136017 (S.D.N.Y. Dec. 11, 2012) ..........12

*Valdez v. H & S Rest. Operations, Inc.*, 2016 WL 3079028 (E.D.N.Y. Mar. 29, 2016), *adopted by* 2016 WL 3087053 (E.D.N.Y. May 27, 2016) ..........................................................6

*Walker v. The Interfaith Nutrition Network, Inc.*, 2015 WL 4276174 (E.D.N.Y. July 14, 2015)................................................................................................................................15

*Zhong v. August August Corp.*, 498 F. Supp. 2d 625 (S.D.N.Y. 2007)....................................8, 10

## **Statutes**

28 U.S.C. § 1331 ......................................................................................................................13, 14

28 U.S.C. § 1367 ......................................................................................................................13, 15

28 U.S.C. § 1367(c)(3) ....................................................................................................................14

29 U.S.C. § 207(a)(1) .......................................................................................................................5

Fair Labor Standards Act of 1938, 29 U.S.C § 201 *et seq*. ....................................................passim

N.Y. Educ. Law §§ 5701 *et seq*. ...............................................................................................1

N.Y. Lab. Law § 195(3) .............................................................................................................17

N.Y. Lab. Law § 663(1) .............................................................................................................16

New York Labor Law, N.Y. Lab. Law § 190 *et seq*. ...........................................................passim

## Rules and Regulations

12 N.Y.C.R.R. § 142-2.2 .........................................................................................................6, 7

12 N.Y.C.R.R. § 146-1.4 .............................................................................................................6

29 C.F.R § 785.18 .......................................................................................................................6

29 C.F.R. § 785.19(a) .................................................................................................................6

Fed. R. Civ. P. 12(b)(1) ....................................................................................................1, 4, 13

Fed. R. Civ. P. 12(b)(6) ........................................................................................................passim

Fed. R. Civ. P. 12(h)(3) ..............................................................................................................5

Defendant Cornell University ("Defendant" or "Cornell"), sued herein as "Cornell University a/k/a Weill Cornell Medical College"),[1] respectfully submits this memorandum of law in support of its motion to dismiss the Amended Complaint (ECF No. 11) ("Amended Complaint," cited as "Am. Compl. ¶ _") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

In her Amended Complaint, like her original complaint, Plaintiff, a former housekeeping employee at Cornell, asserts three claims against her former employer:  (1) that Cornell violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); (2) that Cornell violated the NYLL by not paying her for "gap time," *i.e.*, hours worked under the 40-hour threshold for overtime; and (3) that by doing so, Cornell failed to give "proper notice" under the Wage Theft Prevention Act in that her paystubs did not accurately reflect the number of hours she worked.

The Amended Complaint should be dismissed in its entirety.  Plaintiff's overtime claims should be dismissed because she does not provide sufficient detail about the length and frequency of her unpaid work to support a reasonable inference that she worked overtime hours that were not compensated, as required under Second Circuit precedent.  Her overtime claims are supported by conclusory and vague allegations that she "generally" and "regularly" followed a "practice" of working through her one-hour lunch breaks on certain weeks.  This language is virtually identical to allegations that the Second Circuit and other courts have held to be insufficient to assert overtime claims.  Although Plaintiff alleges more detail with respect to one

---

[1] Weill Cornell Medical College is a college of Cornell.  It is not a separate legal entity.  *See generally* N.Y. Educ. Law §§ 5701 *et seq.*; http://www.cornell.edu/about/.

of the weeks of her 13-years employment history at Cornell – she alleges that she was paid for 43 hours of work but actually worked 48 hours during the week of June 11, 2018 because she remembers following her general "practice" of working through lunch during that week – her allegations as to that week are incomprehensible and internally inconsistent.  In one passage of the Amended Complaint, Plaintiff claims only to have worked for between 15 and 30 minutes during her lunch breaks.  Yet she also alleges that she worked no less than 50 minutes on average during her lunch breaks during the week of June 11, 2018, as explained below.  Plaintiff never explains this glaring inconsistency, which renders her allegations of unpaid overtime implausible.

Upon dismissal of Plaintiff's overtime claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's two remaining NYLL claims.  But were the Court to exercise jurisdiction over those claims, they, too, should be dismissed under Rule 12(b)(6) for failure to state a claim.  Plaintiff fails to state a claim for violation of the NYLL's "gap time" provision because she does not plausibly allege that she performed any unpaid work under 40 hours, as required to assert a gap time claim.  And she does not state a claim for violation of the Wage Theft Prevention Act because she has not plausibly alleged that she worked gap time or overtime that was not compensated, and therefore has not plausibly alleged that her paystubs fail to reflect such uncompensated hours.

Dismissal of Plaintiff's overtime claims, and any remaining state law claims over which the Court exercises supplemental jurisdiction, should be with prejudice, pursuant to the Court's Order dated April 6, 2020 (ECF No. 10), and because Plaintiff already had an opportunity to amend her complaint to address the issues raised in Defendant's pre-motion letter.

## STATEMENT OF FACTS

### A.  Plaintiff's Allegations

Plaintiff alleges that she was employed as a housekeeper at Cornell for approximately 13 years until her separation in 2019, and that she was paid at an hourly rate of approximately $20 per hour.  Am. Compl. ¶¶ 8-9.  She alleges that she "regularly worked extra hours for which she was not compensated" because she "generally worked through lunch even though her pay was determined as if she had taken an hour lunch every day."  *Id.* ¶¶ 10-11.  She alleges that she had a "standard" workweek consisting of five shifts of seven hours each and one hour of unpaid lunch break (*i.e.*, 35 paid hours), but that she worked a sixth shift between 20% and 40% of the weeks she worked for Cornell.  *Id.* ¶¶ 11-12.  She alleges that she had a "practice" of "working through lunch," that she did so "about 80% of the time," and that "when she did take a lunch break, it was generally approximately 30 minutes and never exceeded 45 minutes."  *Id.* ¶¶ 12-13.

Plaintiff "estimates that she worked at least approximately 1000 hours for which she was not paid during the last 5 years of her employment, of which at least approximately 200 are overtime hours based on the frequency at which she worked extra shifts."  *Id.* ¶ 18.  Plaintiff alleges that "during the week of June 11, 2018, she worked approximately 48 hours but was paid for only 43" and that "[t]his is a result of Plaintiff's practice, as described above, of working through lunch."  *Id.* ¶ 15.

Although Plaintiff alleges that it was her own general "practice" to work during lunch, *id.* ¶¶ 15, 19, she also alleges that she was "instructed by her supervisor Inez that she should complete her time sheet as if she had taken the full lunch hour."  *Id.* ¶ 16.  Plaintiff also alleges that she "complained about the situation to Marie Berger (director of housekeeping services) about the extra work she was doing, but nothing was done."  *Id.* ¶ 17.

**B. Procedural History**

Plaintiff commenced this action by filing the original complaint on March 10, 2020.  ECF No. 1.  Defendant Cornell filed a pre-motion letter, dated March 27, 2020, regarding its anticipated motion to dismiss the complaint, in which it argued that the original complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 8.  Plaintiff responded to the pre-motion letter by letter dated April 1, 2020.  ECF No. 9.

On April 6, 2020, the Court issued an order requiring Plaintiff to serve the Amended Complaint by April 17, 2020, and requiring Defendant Cornell to answer or move to dismiss the Amended Complaint by May 1, 2020.  ECF No. 10.  The order provides that the Amended Complaint would be "Plaintiff's last opportunity to amend the complaint in response to arguments raised in the parties' letters."  *Id.*

Plaintiff filed the Amended Complaint on April 15, 2020.  ECF No. 11.  Plaintiff alleges violations of (1) the FLSA "by failing to pay proper overtime pay to Plaintiff for weeks in which she worked 6 or more shifts during the two-year period preceding March 10, 2020," Am. Compl. ¶ 22 (first cause of action), and (2) the NYLL by, *inter alia*, "failing to pay Ms. Mendoza proper overtime premiums . . . during the 6-year period preceding March 10, 2020," *id.* ¶ 24 (second cause of action, described in Plaintiff's heading as "Count III").

## ARGUMENT

### I.    LEGAL STANDARDS

**Rule 12(b)(1)**.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."

4

*Id.*; *accord Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**Rule 12(b)(6)**.  To survive a motion for failure to state a claim under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; she must allege facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A complaint that "tenders 'naked assertions' devoid of further factual enhancement" will not suffice.  *Id.*

## II.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW

Plaintiff's overtime wage claims should be dismissed for failure to state a claim because she fails to allege information sufficient to plausibly demonstrate that Cornell violated the overtime wage provisions of the FLSA or NYLL.

### A.  Pleading Standards Applicable to Plaintiff's Overtime Claims

The overtime wage provision of the FLSA requires an employer to pay an employee "at a rate not less than one and one-half times the regular rate at which he is employed" for hours worked in excess of 40 per week.  29 U.S.C. § 207(a)(1).  "To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that [s]he performed work for which [s]he was not properly compensated, and that the employer had actual or constructive knowledge of that work."  *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011).

Under U.S. Department of Labor regulations, employers are not required to pay hourly employees for "[b]ona fide meal periods" of 30 minutes or longer, 29 C.F.R. § 785.19(a), but they are required to pay employees for short breaks of under 30 minutes, *see id.* § 785.18 ("Rest periods of short duration, running from 5 minutes to about 20 minutes . . . are customarily paid for as working time."). "'Bona fide meal periods' are those during which the employee is not required to work." *Duverny v. Hercules Medical P.C.*, 2020 WL 1033048, at *4 (S.D.N.Y. Mar. 3, 2020) (citing *Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 64 (2d Cir. 1997)). Although 29 C.F.R. § 785.19(a) provides that an "employee is not relieved [of work during a meal period] if he is required to perform *any* duties, whether active or inactive, while eating" (emphasis added), the Second Circuit and other circuits have interpreted the provision more narrowly and have held that an employee is deemed to work during a meal period only if she "performs activities predominantly for the benefit of the employer." *Reich*, 121 F.3d at 64.

The NYLL contains a substantially identical overtime wage provision requiring employees who work more than forty hours a week to be compensated for any additional hours at a rate of at least one and a half times their regular hourly wage. *See* 12 N.Y.C.R.R. §§ 142-2.2, 146-1.4; *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (noting that the NYLL adopts the FLSA definition of overtime); *Valdez v. H & S Rest. Operations, Inc.*, 2016 WL 3079028, at *3 (E.D.N.Y. Mar. 29, 2016) (Report & Recommendation), *adopted by* 2016 WL 3087053 (E.D.N.Y. May 27, 2016) ("New York's Labor Law is the state analogue to the federal FLSA. Although the Labor Law does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of annual sales, it otherwise mirrors the FLSA in compensation provisions regarding overtime wages.") (internal citations omitted); *Gamero v. Koodo Sushi Corp.*, 272 F.

6

Supp. 3d 481, 499 (S.D.N.Y. 2017) ("Under both the FLSA and NYLL, all of the time worked

during a continuous workday is compensable, save for bona fide meal breaks.") (internal

quotation marks and citations omitted), *aff'd*, 752 F. App'x 33 (2d Cir. 2018); *Joza v. WW JFK

LLC*, 2010 WL 3619551, at *8, *8 n.4 (E.D.N.Y. Sept. 10, 2010) ("By rule, New York intends to

follow, in close pursuit, the FLSA framework.") (citing 12 N.Y.C.R.R. § 142-2.2 ("An employer

shall pay an employee for overtime at a wage rate of one and one-half times the employee's

regular rate in the manner and methods provided in and subject to the exemptions of [the

FLSA]. . . .")).

"[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours

of work in a given workweek as well as some uncompensated time in excess of the 40 hours."

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *accord

Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71, 75 (2d Cir. 2019).  "Plaintiffs must

provide sufficient detail about the length and frequency of their unpaid work to support a

reasonable inference that they worked more than forty hours in a given week."  *Nakahata*, 723

F.3d at 201.  Plaintiff is not required to "plead [her] hours with mathematical precision," but is

required to draw on her "memory and experience" to provide a complaint with "sufficiently

developed factual allegations."  *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir.

2013) (finding allegations that for "some or all weeks" the plaintiff worked more than "forty

hours" a week without being paid overtime were "devoid of any numbers to consider beyond

those plucked from the statute"), *cert. denied*, 71 U.S. 1128 (2014); *see also Fridman v. GCS

Computer, LLC*, 2018 WL 1581990, at *4 (S.D.N.Y. Mar. 27, 2018) ("While Plaintiff may not

possess the complete documentary records regarding the hours that [she] worked, Plaintiff needs

to provide content and context to [her] allegations to make [her] overtime claim plausible.")

(quotation marks and citations omitted); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625,

629 (S.D.N.Y. 2007) (recognizing that "a claim under the FLSA to recover unpaid minimum or

overtime wages should indicate the applicable rate of pay and the amount of unpaid minimum or

overtime wages due. . . ."). "Allegations that an employee 'occasionally' or 'typically' missed

breaks provides 'nothing but low-octane fuel for speculation, not the plausible claim that is

required.'" *Bonn-Wittingham*, 792 F. App'x at 75 (quoting *Lundy*, 711 F.3d at 115).

"Determining whether a plausible claim has been pled is 'a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.'" *Lundy*, 711 F.3d at 114

(quoting *Iqbal*, 556 U.S. at 679).

The pleading standards for FLSA overtime claims "appl[y] equally to . . . [NYLL] state

law claims." *Dejesus*, 726 F.3d at 89 n.5 (quotation marks and citation omitted); *see also Tanski

v. AvalonBay Communities, Inc.*, 2016 WL 8711203, at *7 (E.D.N.Y. Sept. 3, 2016) ("'Overtime

claims under the FLSA and NYLL are subject to the same standards.'") (citing, *inter alia*,

*Dejesus*, 726 F.3d at 89 n.5).

### B. Plaintiff's Overtime Claims Fail to Meet These Pleading Standards

Here, Plaintiff does not "provide sufficient detail about the length and frequency of [her]

unpaid work to support a reasonable inference that [she] worked more than forty hours in a given

week." *Nakahata*, 723 F.3d at 201. Plaintiff merely estimates that she worked "at least

approximately 200" hours of unpaid overtime during her last five years of employment because,

although she acknowledges that she was paid for overtime shifts that she worked "between 20

and 40% of the weeks she worked for the Defendant," she alleges she had a "practice" of

"generally" working through lunch for "about 80% of the time" and that she was not always paid

for working during lunch. Am. Compl. ¶¶ 12-13, 15, 18. These vague and conclusory

allegations do not allow the Court to "determine which hours were not paid and whether any unpaid hours qualify for overtime payment." *Spiteri v. Russo*, 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013), *aff'd*, 622 F. App'x 9 (2d Cir. 2015). Plaintiff's overtime claims should, therefore, be dismissed. *See Nakahata*, 723 F.3d at 200-01 (affirming dismissal of overtime claims under FLSA and NYLL where plaintiffs alleged, *inter alia*, that they "were not compensated for work performed during meal breaks" and failed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference" that they were not paid for overtime); *see also Johnson v. Equinox Holdings, Inc.*, 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014) (dismissing claim where plaintiff alleged that for certain years he "'typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock'" and complaint's allegations "identify neither the weeks during which he worked more than forty hours nor the specific number of hours he worked during such weeks").

Indeed, Plaintiff's conclusory allegations that she "regularly worked extra hours for which she was not compensated" and "generally worked through lunch," Am. Compl. ¶¶ 10, 13, are virtually identical to language that the Second Circuit and other courts have consistently held to be insufficient to support a claim for overtime pay. For example, in *Lundy*, the Second Circuit found that a plaintiff's allegations that her "30–minute meal breaks were 'typically' missed or interrupted" were insufficient to support an overtime claim because the court was required to speculate as to the number of breaks that were missed. 711 F.3d at 114-15. Just last year, the Second Circuit affirmed a district court decision finding that allegations that "[p]laintiffs rarely if ever received uninterrupted, continuous and completely relieved of duty sleeping and meal periods" were insufficient to support overtime claims. *Bonn-Wittingham v. Project OHR, Inc.*, 2016 WL 7243541, at *5 (E.D.N.Y. Dec. 14, 2016) (citing *Nakahata*, 723 F.3d at 196), *aff'd*,

9

792 F. App'x 71 (2d Cir. 2019).  In holding that the district court had "correctly dismissed

Plaintiffs-Appellants' overtime claims," the Second Circuit reaffirmed its holding in *Lundy* that

"[a]llegations that an employee 'occasionally' or 'typically' missed breaks provides 'nothing but

low-octane fuel for speculation, not the plausible claim that is required.'"  *Bonn-Wittingham*, 792

F. App'x at 75 (quoting *Lundy*, 711 F.3d at 115); *see also Garmon v. Board of Education for*

*Buffalo City School District*, 2017 WL 7038200, at *2 (W.D.N.Y. Nov. 2, 2017) (Report &

Recommendation) (recognizing that "[a]llegations that a plaintiff . . . 'typically' missed meal

breaks . . . do not pass muster under the Second Circuit Court of Appeals' plausibility standard")

(citing *Lundy*, 711 F.3d at 115), *adopted by* 2018 WL 514220 (W.D.N.Y. Jan. 23, 2018); *see*

*also Dejesus*, 726 F.3d at 89 (recognizing that allegations that plaintiffs "'regularly worked'

more than forty hours a week and were not properly compensated" are "'too meager, vague, or

conclusory' to survive a motion to dismiss") (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 12

(1st Cir. 2012)).  Just as in these cases, Plaintiff's vague and conclusory allegations that she

"regularly" and "generally" worked through lunch breaks are insufficient to support her overtime

claims.[2]

Although Plaintiff also alleges, by way of an "example" of Defendant's alleged violations

of the FLSA and NYLL, that during the week of June 11, 2018, she "worked approximately 48

hours but was paid for only 43," Am. Compl. ¶ 15, this conclusory allegation is insufficient to

---

[2] *See also Bustillos v. Academy Bus, LLC*, 2014 WL 116012, at *2 (S.D.N.Y. Jan. 13, 2014) (finding that plaintiff's "conclusory statements that he 'regularly worked in excess of forty (40) hours per workweek,'" "'would regularly work from 60 to 90 hours per week,'" and "was not paid a time-and-a-half rate for those excess hours," "do not provide sufficient factual context to survive a motion to dismiss"); *Sampson v. Medisys Health Network Inc.*, 2011 WL 579155, at *4 (E.D.N.Y. Feb. 8, 2011) (holding complaint's "conclusory allegations are not sufficient to plead a violation of the overtime provision" of the FLSA where plaintiffs alleged, *inter alia*, they "have worked on their meal and break time . . . , but without specificity allege only that they have worked 'both under and in excess of forty [40] hours per week'") (alteration in original) (citing, *inter alia*, *Zhong*, 498 F. Supp. 2d at 630).

state a claim for an overtime violation.  Plaintiff is merely speculating that, because she frequently followed a general "practice . . . of working through lunch," *id.*, she may have done so for the week of June 11, 2018.  Indeed, Plaintiff's original complaint asserted the very same allegations – that she worked 48 hours but was only paid for 43 hours – with respect to a different week, the week of July 11, 2018.  ECF No. 1:  Compl.  ¶ 10 ("For example, during the week of July 11, 2018, was paid for 43 hours but in reality worked approximately 5 hours more than that since she generally worked through lunch every day.").

Plaintiff's allegations are also internally contradictory and incomprehensible.  She alleges that her standard shift was eight hours long, with a one-hour unpaid lunch break (*i.e.*, seven hours of her eight-hour shift were paid), and that during the week of June 11, 2018, she worked "6 shifts -- Monday through Saturday."  Am. Compl. ¶¶ 11-12.  If so, that would work out to a total of 42 paid hours that week (six shifts times seven hours).  But she also alleges that she was paid for 43 hours for the week of June 11, 2018, with no explanation of whether that extra paid hour was for work during lunch or before or after her regular eight-hour shift.  *Id.* ¶ 15.

Moreover, she alleges that during the week of June 11, 2018, she worked six eight-hour shifts with an unpaid one-hour lunch Monday through Saturday and that she "worked approximately 48 hours but was paid for only 43."  *Id.* ¶¶ 12-15.  Based on these allegations, Plaintiff worked an average of at least 50 minutes over her lunch breaks that week.  The average is 50 minutes, if it is assumed that the extra hour of paid work beyond her normal shifts (the 43rd paid hour of work that week) was <u>not</u> worked during lunch.  That is, if one assumes that none of the 43 hours of paid work for that week consisted of work performed during Plaintiff's lunch breaks, that would leave six total hours of unpaid lunch breaks.  Plaintiff alleges that she worked five more hours (300 minutes) during lunch breaks for which she was not paid, which works out

to an average of 50 minutes of unpaid work per lunch break, *i.e.*: 300 ÷ 6 = 50.

The average number of minutes Plaintiff spent working over lunch during the week of June 11, 2018, based on her own allegations, is even more – <u>60 minutes</u>, or her entire one-hour lunch break – if one assumes that the extra 43rd hour of paid work was worked <u>during</u> lunch. That is, if one of the 43 hours of paid work for that week was worked during Plaintiff's lunch breaks, that would leave five total hours of unpaid lunch breaks.  This works out to an average of 60 minutes of unpaid work per lunch break and no actual lunch break, *i.e.*, 300 ÷ 5 = 60.

Either way, whether Plaintiff worked on average for 50 minutes or 60 minutes during her six lunch breaks during the week of June 11, 2018, this is inconsistent with Plaintiff's allegation elsewhere that "when she did take a lunch break, it was generally approximately 30 minutes and never exceeded 45 minutes," *i.e.*, that she generally worked only for between <u>15 and 30 minutes</u> during her 60-minute lunch breaks.  *Id.* ¶ 13.

Plaintiff does not explain this glaring inconsistency, which renders her allegations of unpaid overtime work during the week of June 11, 2018 implausible.  *See Michelson v. Triple Crown Moving & Storage*, 2016 WL 11671518, at *3 (E.D.N.Y. Jul. 28, 2016) (dismissing overtime claim that "relies entirely on generalized and imprecise allegations regarding [plaintiff's] hours" where plaintiff "allege[d] that he 'consistently worked a minimum of 60 hours a week' . . . , but any additional facts that might elaborate on this broad statement are vague and inconsistent") (internal quotation marks and citation omitted); *see generally U.S. Bank Nat. Ass'n v. Bank of Am., N.A.*, 2012 WL 6136017, at *7 (S.D.N.Y. Dec. 11, 2012) ("Where plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.") (internal quotation marks and citations omitted).

To survive a motion to dismiss her overtime claims, Plaintiff is required to assert "sufficiently developed factual allegations" regarding alleged overtime for which she was not paid, *Dejesus*, 726 F.3d at 89-90, and she must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. Here, Plaintiff picked an arbitrary week out of thin air and asserts implausible and internally inconsistent allegations of alleged overtime during that week. Plaintiff also fails to allege any details regarding alleged overtime in any other week during her years of employment at Cornell.

For these reasons, Plaintiff does not allege sufficient detail to plausibly state a claim for overtime violations. Plaintiff's overtime claims under the FLSA and NYLL should, therefore, be dismissed.

### III.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS

In addition to asserting claims for overtime violations under the FSLA and NYLL, Plaintiff also asserts claims under the NYLL for pay gap violation and failure to give proper notice under New York's Wage Theft Prevention Act. Am. Compl. ¶ 17. Upon dismissal of Plaintiff's overtime claims for failure to state a claim (*see* Point II, *supra*), the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and should therefore dismiss those claims for lack of subject matter jurisdiction under Rule 12(b)(1).

Plaintiff invokes 28 U.S.C. § 1331, the federal question jurisdiction statute, on the basis that "a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act." Am. Compl. ¶ 5; *see also* ECF No. 5 at 2 (Plaintiff selected federal question jurisdiction as basis of Court's jurisdiction). Plaintiff also invokes the supplemental jurisdiction statute, 28 U.S.C. § 1367, with respect to her NYLL claims. Am. Compl. ¶ 5. That statute

permits the Court to exercise supplemental jurisdiction "over all other claims that are so related

to claims in the action within such original jurisdiction that they form part of the same case or

controversy." 28 U.S.C. § 1367(a). However, a district court may decline supplemental

jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). The Second Circuit has instructed that when "federal claims are eliminated in the

early stages of litigation, courts should generally decline to exercise pendent jurisdiction over

remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of the City of New York*,

464 F.3d 255, 262 (2d Cir. 2006); *see also Kolari v. New York–Presbyterian Hosp.*, 455 F.3d

118, 122 (2d Cir. 2006) ("'[I]n the usual case in which all federal-law claims are eliminated

before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the

remaining state-law claims.'") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7

(1988)).

While courts have considered overtime claims under the FLSA and NYLL together on a

motion to dismiss, given that the overtime provisions of the FLSA and NYLL are substantially

identical and the same pleading standards apply to overtime claims under both statutes, *see, e.g.*,

*DeJesus*, 726 F.3d at 89 n.5 ("In light of the fact that [t]he relevant portions of New York Labor

Law do not diverge from the requirements of the FLSA, our conclusions . . . about the FLSA

allegations appl[y] equally to [the NYLL] state law claims.") (alterations in original; internal

quotation marks and citation omitted); *Nakahata*, 723 F.3d at 200-01 (affirming dismissal of

overtime claims under both FLSA and NYLL), courts have consistently declined to exercise

supplemental jurisdiction over other NYLL claims upon dismissal of plaintiffs' FLSA claims,

where, as here, the basis for the Court's subject matter jurisdiction over the action is federal

question jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *Park v. FDM Group (Holdings) PLC*,

2017 WL 946298, at *1, *5 (S.D.N.Y. Mar. 9, 2017) ("In light of the dismissal of all of

Plaintiff's federal claims the Court declines, pursuant to 28 U.S.C. § 1367(c), to exercise

supplemental jurisdiction of any remaining state claims," including claims for "gap time and

record-keeping violations under the New York Labor Law"), *vacated in part on reconsideration

by* 2018 WL 4100524 (S.D.N.Y. Aug. 28, 2018); *accord Donato v. Service Experts, LLC*, 2018

WL 4660375, at *5 (E.D.N.Y. Sept. 28, 2018); *Ayala v. Looks Great Services, Inc*., 2015 WL

4509133, at *11 (E.D.N.Y Jul. 23, 2015); *Burns v. Haven Manor Health Care Center, LLC*, 2015

WL 1034881, at *5 (E.D.N.Y. Mar. 10, 2015); *Walker v. The Interfaith Nutrition Network, Inc*.,

2015 WL 4276174, at *5 (E.D.N.Y. July 14, 2015).

Here, as in these cases, there is no basis for the Court to decide Plaintiff's remaining state

law claims upon the dismissal of her overtime claims.  Accordingly, the Court should decline to

exercise supplemental jurisdiction over Plaintiff's claims under the NYLL for pay gap violation

and failure to give proper notice under New York's Wage Theft Prevention Act.

## IV.      ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S REMAINING STATE LAW CLAIMS UNDER RULE 12(b)(6)

Alternatively, were the Court to exercise supplemental jurisdiction over Plaintiff's

remaining state law claims, they should be dismissed under Rule 12(b)(6).

### A.   Plaintiff Fails To State A Claim For Violation Of The New York Labor Law's Gap Time Provision

Plaintiff's second cause of action alleges, conclusorily, that Cornell "violated New York

Labor Law by failing to pay Ms. Mendoza . . . gap time during the 6-year period preceding

March 10, 2020."  Am. Compl. ¶ 24.  "Gap time" claims are ones "in which an employee has not

worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an

employee has worked over 40 hours in a given week but seeks recovery for unpaid work under

40 hours." *Lundy*, 711 F.3d at 115; *see, e.g.*, *Medina v. Ricardos Mechanical, Inc.*, 2018 WL 3973007, at *5 (E.D.N.Y. Aug. 20, 2018) (characterizing a "gap-time" claim as one for "unpaid regular work hours"); *Crespo v. County of Monroe, New York*, 2015 WL 2406112, at *5 n.2 (W.D.N.Y. May 20, 2015) (characterizing "gap time" as "unpaid time below the 40–hour threshold"), *reconsideration denied by* 2015 WL 4761638 (W.D.N.Y. Aug. 12, 2015); *Cromwell v. New York City Health & Hospitals Corp.*, 983 F. Supp. 2d 269, 271 (S.D.N.Y. 2013) ("Back-pay for the 2.5 hours [plaintiff] needed to reach a 40–hour week is called 'gap-time' compensation").  Federal courts have recognized that gap time claims may be asserted pursuant to NYLL § 663(1), which permits recovery for any employee who is paid "less than the wage to which he or she is entitled."  *See Nakahata*, 723 F.3d at 202 (noting that "a gap-time claim would be consistent with the language of NYLL § 663(1)"); *Almanzar v. C & I Assocs., Inc.*, 175 F. Supp. 3d 270, 278 (S.D.N.Y. 2016) (concluding that New York state law "allow[s] 'gap time claims' in which an employee seeks to be paid her regular hourly rate for previously uncompensated time") (citing *Gregory v. Stewart's Shops Corp.*, 2015 WL 893058, at *4 (N.D.N.Y. Mar. 2, 2015)).  "'Claims for gap-time compensation are cognizable under the NYLL but not under the FLSA.'"  *Gregory*, 2015 WL 893058, at *4 (citing *Cromwell*, 983 F. Supp. 2d at 271).

Plaintiff's gap time claim should be dismissed because she does not plausibly allege "unpaid work under 40 hours."  *Lundy*, 711 F.3d at 115.  While Plaintiff alleges, conclusorily, that "in a standard workweek, Plaintiff would actually work approximately 39 to 40 hours but be paid for only 35 hours," Am. Compl. ¶ 14, the only example of uncompensated time offered up by Plaintiff is the week of June 11, 2018, a week in which she acknowledges that she did not perform any unpaid work under 40 hours.  *See* Am. Compl. ¶ 15 (acknowledging that she was

"paid for . . . 43" hours during the week of June 11, 2018 but that she worked five additional hours of unpaid overtime during that week); *see, e.g.*, *Spataro v. Government Employers Ins. Co.*, 2014 WL 3890222, at *4 n.3 (E.D.N.Y. Aug. 6, 2014) (finding complaint "does not allege a 'gap-time' claim" because it "asserts only a claim for overtime pay"), *further proceedings at* 2015 WL 5599162, at *4 (E.D.N.Y. Sept. 22, 2015) (noting that a "gap-time claim is different" from an overtime claim) (citing *Lundy*, 711 F.3d at 115).

In any event, Plaintiff does not plausibly allege that she was not compensated for any time that she worked, as explained in Point II, *supra*. Plaintiff's "general and conclusory" allegations that she was not compensated for time worked during meal breaks are insufficient to state a gap time claim. *See, e.g.*, *Gregory*, 2015 WL 893058, at *5 (dismissing gap time claim with respect to allegations of "general, sporadic events such as when 'employees' worked during breaks" because such allegations were "general and conclusory as to times, frequency, and individuals involved, and thus fail to satisfy the *Iqbal* standard").

### B.  Plaintiff Fails To State A Claim For Failure To Give Proper Notice Under The Wage Theft Prevention Act

Plaintiff's second cause of action also alleges that "[t]he Employer violated New York Labor Law by failing to . . . give proper notice under the Wage Theft Prevention Act," in that "her paystubs did not reflect her correct hours but rather the lower amounts which did not take into account her working through lunch." Am. Compl. ¶¶ 19, 24; *see also* ECF No. 9 at 1 (citing N.Y. Labor Law § 195(3)). N.Y. Labor Law § 195(3) requires employers to "furnish each employee with a statement with each payment of wages" listing certain information, including, for hourly employees, "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." Plaintiff does not allege that she did not receive paystubs; she alleges that her paystubs did not "take into

17

account" her "practice" of working through lunch and therefore underreported the number of

hours she actually worked.  Am. Compl. ¶¶ 15, 19.  Although Plaintiff received paystubs each

pay period, she does not attach any of them to her Amended Complaint, whether for the week of

June 11, 2018 discussed in the Amended Complaint or any other period during which she was

employed at Cornell.

Plaintiff's claim should be dismissed because she has not plausibly alleged that she

worked gap time or overtime that was not compensated, as explained above in Sections II and

IV.A.  For the same reasons, she has not plausibly alleged that the paystubs she received did not

accurately reflect the number of hours she worked.

## V.   DISMISSAL SHOULD BE WITH PREJUDICE

Under the Court's Order dated April 6, 2020 (ECF No. 10), the Amended Complaint was

"Plaintiff's last opportunity to amend the complaint in response to arguments raised in the

parties' letters."  All of the arguments raised herein were raised in the parties' pre-motion letters,

*see* ECF Nos. 8, 9, Plaintiff has already filed an Amended Complaint addressing the arguments

for dismissal raised in Cornell's pre-motion letter, and she does not assert any new claims in the

Amended Complaint that were not asserted in the original complaint.  Accordingly, dismissal of

Plaintiff's claims should be with prejudice, except with respect to any state law claims over

which the Court declines to exercise supplemental jurisdiction.  *See also Bustillos*, 2014 WL

116012, at *5 ("Because Plaintiff was afforded an opportunity to amend his complaint to cure its

defects, the Court's dismissal of his federal minimum wage and overtime claims is with

prejudice.  [Plaintiff's] state law claims are dismissed without prejudice.").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the

18

Amended Complaint in its entirety, with prejudice except as to any state law claims over which

the Court declines to exercise supplemental jurisdiction, and grant such other relief as the Court

deems necessary and appropriate.

Dated:       New York, New York
             May 1, 2020

                                    Respectfully submitted,


                                    /s/ Mark Siegmund_____
                                    Mark Siegmund
                                    Associate University Counsel
                                    Sheryl Orwel
                                    Senior Associate University Counsel
                                    OFFICE OF UNIVERSITY COUNSEL
                                    Weill Cornell Medicine
                                    445 East 69th Street, Suite 405
                                    New York, New York 10021
                                    (212) 746-0463
                                    mas4038@med.cornell.edu
                                    sho2003@med.cornell.edu

                                    Attorneys for Defendant Cornell University
                                    (s/h/a "Cornell University a/k/a Weill Cornell
                                    Medical College")