David Abrams, Attorney at Law
305 Broadway Suite 601
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

_____
                                      )

Miluska Mendoza,                 )

                             )

              Plaintiff,     )

                             )

          - against -     )       Index No.:20cv2110(MKV)

                             )

Cornell University a/k/a     )

Weill Cornell Medical College,    )

                             )

            Defendant.   )
_____)

### Memorandum of Law in Opposition to Motion to Dismiss

Plaintiff Miluska Mendoza respectfully submits this Memorandum of Law in Opposition to Defendant's (the "Employer's") motion to dismiss.

### Argument

The fatal flaw in the Employer's argument is that here, unlike the situation in cases like *Nakahata v. New York Presbyterian Healthcare System*, 723 F.3d 192 (2d Cir. 2013), Plaintiff has included more than sufficient allegations to show that (1) there were weeks in which she was scheduled to work 40 or more hours; and (2) during such weeks, on top her scheduled hours she performed uncompensated work during supposed meal breaks. *See Nakahata* 723 F.3d at 201. Indeed, Plaintiff has identified a specific week in which she alleges she was paid for 6 shifts but not paid for additional work through her lunch hour. It is difficult to see what possible more detail Plaintiff could supply without relying on daily time records, which of course are the burden of the Employer to keep in

not Plaintiff.  In short, the Employer is effectively proposing a new rule of pleading that overtime claims are subject to Rule 9(b) and must be pled with particularity.  The Court should decline the Employer's proposition.

 For the same reasons, it is clear that Plaintiff has adequately pleaded a violation of State Law for gap time (and for overtime) and for violating the Wage Theft Prevention Act by failing to provide accurate pay stubs.  Accordingly, the Employer's motion should be denied.

Further, it is worth noting that there is no contradiction between Plaintiff's general allegations regarding her work during lunch and her specific allegations about the week of June 11, 2018.  Plaintiff alleges that during this particular week, she worked 6 shifts, each of which included a lunch hour for which she was not paid.  Given that Plaintiff worked through lunch about 80% of the time and other times took lunch of 30-45 minutes, a conservative estimate is that she worked an additional 5 hours that week.  The Amended Complaint is careful to use the word "approximately" for this estimate.  Put another way, the supposed "glaring contradiction" seized upon by the Employer is simply the result of Plaintiff's inability to allege her unpaid hours with mathematical precision.

As indicated by the Employer's own authorities:

> While this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision, we have recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.

*Dejesus v. HF Management Services, LLC*, 726 F. 3d 85, 90 (2d Cir. 2013).  Here, Plaintiff has done exactly that.

It should also be noted that the reason Ms. Mendoza was paid for 43 hours during the specific week being discussed was that her extra shift on Saturday that week had a span of 9 hours not 8 hours like a typical shift.  This discrepancy does not change the fact that (1) during the week in question, Ms. Mendoza's pay calculation assumed that she took 6 full hours of lunch, one for each shift; and (2) Ms. Mendoza alleges that with the Employer's knowledge she worked for the vast majority of those 6 hours for which she was not paid.

With all due respect to the Employer, its argument on this issue amounts to nitpicking.  Nevertheless, inasmuch as this issue was not raised in the Employer's letter of March 27, 2020, in the event that the Court deems this issue to be important, Plaintiff respectfully requests the opportunity to correct it with a further amendment of the Complaint.

### Conclusion

For the foregoing reasons, Plaintiff respectfully submits that the Employer's motion should be denied.   However in the event that the the Court believes the Amended Complaint is deficient, Plaintiff respectfully requests an additional opportunity to amend.

David Abrams, Attorney at Law
Attorney for Plaintiff

305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax    212-897-5811

Dated: May 11, 2020
New York, New York