UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Miluska Mendoza,

Plaintiff,

- against -

No. 1:20-cv-02110-MKV

Cornell University a/k/a
Weill Cornell Medical College,

Defendant.

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant[1] respectfully submits this reply memorandum of law in further support of its

motion to dismiss the Amended Complaint.

### ARGUMENT

To state a plausible overtime claim, Plaintiff must "provide sufficient detail about the

length and frequency of [her] unpaid work to support a reasonable inference that [she] worked

more than forty hours in a given week," *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*,

723 F.3d 192, 201 (2d Cir. 2013), and when records are unavailable to Plaintiff, she must draw

on her "memory and experience" to provide a complaint with "sufficiently developed factual

allegations." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir. 2013), *cert. denied*,

71 U.S. 1128 (2014).  Plaintiff's Memorandum dismisses Defendant's argument on this point as

"nitpicking" and does not seriously challenge that the Amended Complaint fails to meet this

---

[1] Capitalized terms used herein that are not otherwise defined have the meanings set forth in Defendant's
opening memorandum of law (ECF No. 13) ("Opening Memorandum," cited as "Opening Mem. at _").
Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss (ECF No. 14) is referred to as
"Plaintiff's Memorandum" or "Memorandum in Opposition" and cited as "P. Mem. _."

pleading standard.  P. Mem. 3.  In particular, Plaintiff makes no attempt to distinguish the cases cited in Defendant's Opening Memorandum demonstrating that her allegations that she "regularly" worked extra uncompensated hours and "generally" worked during lunch (Am. Compl. ¶¶ 10, 13) are insufficient to satisfy the plausibility requirement.  *See* Opening Mem. at 9-10; *see, e.g.*, *Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71, 75 (2d Cir. 2019) ("Allegations that an employee 'occasionally' or 'typically' missed breaks provides 'nothing but low-octane fuel for speculation, not the plausible claim that is required.'") (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)).

Nor does Plaintiff explain the incoherence in the Amended Complaint with respect to the week of June 11, 2018, the only week alleged with any specificity.  The Amended Complaint never explains how Plaintiff calculated the number of unpaid overtime hours she allegedly worked that week and her allegations are internally inconsistent, as explained in the Opening Memorandum at 10-12.  These deficiencies cannot simply be chalked up to an "inability to allege [Plaintiff's] unpaid hours with mathematical precision."  P. Mem. at 2.  Moreover, Plaintiff clearly picked this week at random – she alleged the same facts regarding a different week in her original complaint – and merely "estimate[s]" that she may have worked uncompensated overtime that week.  *Id.*  Such speculation and guesswork is a far cry from the "sufficient detail about the length and frequency of [Plaintiff's] unpaid work" required under Second Circuit precedent.  *Nakahata*, 723 F.3d at 201; *see, e.g.*, *Lundy*, 711 F.3d at 115 (allegations that "30–minute meal breaks were 'typically' missed or interrupted" held insufficient); *Fridman v. GCS Computer, LLC*, 2018 WL 1581990, at *4 (S.D.N.Y. Mar. 27, 2018) ("While Plaintiff may not possess the complete documentary records regarding the hours that [she] worked, Plaintiff needs

to provide content and context to [her] allegations to make [her] overtime claim plausible.").[2]

Upon the dismissal of Plaintiff's overtime claims, the Court should decline to exercise supplemental jurisdiction over her remaining state law claims or, alternatively, dismiss those claims as well under Rule 12(b)(6).  *See* Opening Mem. Points III, IV.  The Court should also decline Plaintiff's request to further amend the complaint.  The Court has already ordered that the Amended Complaint was her last opportunity to amend.  *See id.* at Point V; ECF No. 10; *see also Oakley v. Dolan*, 2020 WL 818920, at *16-17 (S.D.N.Y. Feb. 19, 2020) (denying request for leave to amend while noting that "the Second Circuit has consistently stated that district courts may deny leave to amend when plaintiffs request such leave in a cursory sentence on the last page of an opposition to a motion to dismiss, without any justification or an accompanying proposed amended pleading") (citing, *inter alia*, *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014)).

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Opening Memorandum, Defendant respectfully requests that the Court dismiss the Amended Complaint in its entirety, with prejudice except as to any state law claims over which the Court declines to exercise supplemental jurisdiction, and grant such other relief as the Court deems necessary and appropriate.

---

[2] Plaintiff also improperly alleges new facts in her Memorandum in Opposition by stating that "her extra shift on Saturday that week [the week of June 11, 2018] had a span of 9 hours not 8 hours like a typical shift."  P. Mem. at 3.  This new allegation should be disregarded.  *See D'Alessandro v. City of New York*, 713 F. App'x 1, 11 n.12 (2d Cir. 2017) ("We test the sufficiency of a complaint in response to a Rule 12(b)(6) motion to dismiss . . . , and '[a] party is not entitled to amend its complaint through statements made in motion papers[.]'") (citations omitted); *Riley v. Cuomo*, 2018 WL 1832929, at *1 (E.D.N.Y. Apr. 16, 2018) ("[A] plaintiff is not permitted to amend his complaint by virtue of what is said in a memorandum of law[.]") (citations omitted).

Dated:        New York, New York
              May 19, 2020

                                        Respectfully submitted,


                                        /s/ Mark Siegmund_____
                                        Mark Siegmund
                                        Associate University Counsel
                                        Sheryl Orwel
                                        Senior Associate University Counsel
                                        OFFICE OF UNIVERSITY COUNSEL
                                        Weill Cornell Medicine
                                        445 East 69th Street, Suite 405
                                        New York, New York 10021
                                        (212) 746-0463
                                        mas4038@med.cornell.edu
                                        sho2003@med.cornell.edu

                                        Attorneys for Defendant Cornell University
                                        (s/h/a "Cornell University a/k/a Weill Cornell
                                        Medical College")