UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2021
```

MILUSKA MENDOZA,

                              Plaintiff,

        -against-

CORNELL UNIVERSITY a/k/a WEILL
CORNELL MEDICAL COLLEGE,

                              Defendant.

1:20-cv-02110 (MKV)

**ORDER GRANTING
MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

        In this action, Plaintiff Miluska Mendoza asserts claims under the federal Fair Labor

Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and New York Labor Law ("NYLL"),

premised on allegations that she was not paid for overtime and "gap time" while employed by

Defendant Cornell University ("Cornell").  Defendants moved to dismiss Ms. Mendoza's

Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to assert a claim

upon which relief may be granted.  For the reasons that follow, Defendant's Motion is

GRANTED.

## FACTUAL BACKGROUND

        The facts as stated herein are drawn from Plaintiff's Amended Complaint, ECF No. 11

("AC"), and are assumed to be true for the purpose of the Motion.  *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).

        Plaintiff Miluska Mendoza was employed for approximately thirteen years as a

housekeeper at Defendant's hospital in Manhattan.  AC ¶¶ 7-8.  Her employment ended in

approximately April 2019.  AC ¶ 8.  During her thirteen years of employment, Plaintiff was paid

hourly, including $20 per hour "during the last few years of her employment."  AC ¶ 9.

However, Plaintiff claims that she was not paid for "extra time" that she worked outside her normal shifts and for the time she worked through her scheduled lunch breaks. AC ¶ 10.

Specifically, Plaintiff explains that her "standard" workweek consisted of five, eight-hour-shifts with one unfixed, unpaid lunch break during each shift. AC ¶ 11. But, Plaintiff further claims that she "worked through lunch about 80% of the time and when she did take a lunch break, it was generally approximately 30 minutes and never exceeded 45 minutes." AC ¶ 13. Plaintiff also notes that she worked an extra shift on weekends "between 20% and 40% of the weeks she worked for the Defendant." AC ¶ 12. Thus, while Plaintiff's "standard" workweek was supposed to consist of 35 hours, she claims that she regularly worked 39 to 40 hours, but was only ever paid for the standard amount. AC ¶¶ 12, 14. Plaintiff's Amended Complaint is spare on specific examples of these issues. She alleges only that during the week of June 11, 2018, she "worked approximately 48 hours but was paid for only 43."[1] AC ¶ 15. Plaintiff states that she complained to the Director of Housekeeping Services about her underpayment and extra work, "but nothing was done." AC ¶ 17.

Plaintiff filed her original complaint in this action on March 10, 2020. *See* Complaint, ECF No. 1. Pursuant to the Court's Local Rules, Defendant thereafter submitted a pre-motion letter in anticipation of a motion to dismiss Plaintiff's complaint. *See* Letter to Court from Mark Siegmund, ECF No. 8. Plaintiff filed a letter in opposition. *See* Letter to Court from David Abrams, ECF No. 9.

In response to the letters, the Court issued an order granting Defendant leave to file a motion to dismiss the complaint, but first granting Plaintiff an opportunity to amend her complaint in response to Defendant's arguments. *See* Scheduling Order, ECF No. 10.

---

[1] In Plaintiff's original complaint, she claimed that this was the week of *July 11*, 2018 and not June. *See* Original Complaint, ECF No. 1, ¶ 10.

Specifically, the Court noted that "[t]his will be Plaintiff's last opportunity to amend the complaint in response to arguments raised in the parties' letters." *Id.* Plaintiff thereafter filed her Amended Complaint and Defendant moved to dismiss. *See* Amended Complaint, ECF No. 11; Motion to Dismiss Amended Complaint, ECF No. 12.

In support of its Motion, Defendant filed a Notice of the Motion [ECF No. 12] and a Memorandum of Law [ECF No. 13] ("Def. Br."). Plaintiff opposed the Motion with a three-page Memorandum in Opposition [ECF No. 14] ("Opp."). Defendant thereafter submitted a Reply in Further Support of its Motion to Dismiss [ECF No. 15] ("Def. Reply").

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim on which relief may be granted, under Rule 12(b)(6), a plaintiff only needs to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "'accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in the plaintiff's favor.'" *Siegel v. HSBC North America Holdings, Inc.*, 933 F.3d 217, 222 (2d Cir. 2019) (quoting *Giunta v. Dingman*, 893 F.3d 73, 78-79 (2d Cir. 2018)). However, the Court is "'not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions.'" *Id.* (quoting *In re Facebook Initial Public Offering Derivative Litig.*, 797 F.3d 148, 159 (2d Cir. 2015)).

In cases asserting violations of the FLSA, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Plaintiffs must "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). Allegations that an

3

employee "occasionally" or "typically" missed breaks are not sufficient. *Lundy*, 711 F.3d at 115. Similarly, allegations that an employee "regularly worked" more than forty hours per week are merely legal conclusions that constitute "little more than a paraphrase of the statute" and cannot, standing alone, establish a plausible claim. *DeJesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 89 (2d Cir. 2013). These pleading standards equally apply to claims under the NYLL. *Jian Cheng Liu v. Kueng Chan*, No. 18-cv-05044-KAM-SJB, 2020 WL 978857, at *4 (E.D.N.Y. Feb. 28, 2020) ("'[T]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA ,' and the pleading standards for FLSA overtime claims 'apply equally to . . . NYLL state law claims.'" (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 n.5 (2d Cir. 2013)) (alterations in original)). "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Defendant seeks dismissal of Plaintiff's FLSA claim for failure adequately to plead that she worked in excess of 40 hours a week. *See* Def. Br. at 8-13. Then, assuming Plaintiff has stated no FLSA claim, Defendant urges the Court to refuse to exercise supplemental jurisdiction over the NYLL claim, and otherwise seeks dismissal of the NYLL claim for failure to state a claim. Plaintiff filed a three page, bare-bones opposition resisting the dismissal of the FLSA claim and stating that the NYLL claim should survive "for the same reasons." *See* Opp. at 1-3. Plaintiff does not specifically respond to Defendant's arguments regarding supplemental jurisdiction. Because Plaintiff has failed adequately to plead an FLSA overtime claim, and because the Court refuses to exercise supplemental jurisdiction in the absence of the federal claim, Plaintiff's Amended Complaint is dismissed.

## A.       *Plaintiff Has Failed to Allege an FLSA Claim*

A Plaintiff may bring a claim under the FLSA only for failure to pay minimum wages

and for overtime wages.  *See* 29 U.S.C. §§ 201-19.  To the extent Plaintiff alleges facts related to

"gap time," those allegations are relevant only to the NYLL claim.  *Nakahata*, 723 F.3d at 201.

Thus, when considering whether Plaintiff has alleged an FLSA claim, the Court is limited to

considering the allegations related to overtime, since Plaintiff makes no claim related to failure

to pay minimum wages.  To be clear, Plaintiff's allegations must plausibly state that she worked

in excess of 40 hours per week without overtime compensation for the hours in excess of 40 in

order to state a claim.  *Id.* at 201-02.

Plaintiff's allegations regarding overtime worked are largely conclusory and do not

establish with any plausibility that Plaintiff worked in excess of 40 hours a week.  First, Plaintiff

alleges that in a "standard workweek," she would "actually work 39 to 40 hours but be paid for

only 35 hours."  AC ¶ 14.  As discussed, this allegation cannot support a plausible FLSA claim

because Plaintiff needs to allege that she worked *in excess* of 40 hours a week.  *See Nakahata*,

723 F.3d at 201-02.  The only other allegations in the Amended Complaint concerning Plaintiff's

hours are an off-hand remark that she "sometimes" worked an extra shift on weekends—between

20 and 40 percent of the time—and her allegations related to a single week, June 11, 2018.  AC

¶¶ 12, 15.  A general statement that Plaintiff "sometimes" worked more than a standard

workweek is not sufficient to plausibly allege that Plaintiff worked in excess of 40 hours a week

without overtime compensation.  *Id.* at 201.  Indeed, the Second Circuit reviewed a nearly

identical circumstance in *Lundy* and determined that similar pleadings did not state a claim for

relief.  *Lundy*, 711 F.3d at 114-15 (affirming dismissal of a plaintiff's overtime claims where

complaint only alleged that plaintiff "typically" worked 37.5 hours a week and "occasionally"

worked amounts in excess of 40 hours per week); *see also Bonn-Wittingham v. Project OHR*,

*Inc.*, 792 Fed. App'x 71, 75 (2d Cir. 2019) ("Allegations that an employee 'occasionally' or 'typically' missed breaks provides 'nothing but low-octane fuel for speculation, not the plausible claim that is required.'" (quoting *Lundy*, 711 F.3d at 115)).

As a result, Plaintiff's Amended Complaint ultimately depends on the single specific detail it contains, that she "worked approximately 48 hours but was paid for only 43" during the week of June 11, 2018.  AC ¶ 15.  The Court agrees with Defendant that after reviewing Plaintiff's other allegations regarding her work schedule, these allegations do not plausibly allege a failure to pay overtime.  *See* Def. Br. at 10-11.  To start, Plaintiff alleges that during that week, she "worked 6 shifts."  AC ¶ 12.  Based on the other allegations in the Amended Complaint, this means that Plaintiff alleges working approximately 42 hours.  *See* AC ¶¶ 11-12.

But, Plaintiff admits that she was paid for 43 hours worked during the week of June 11, 2018.  AC ¶ 15.  Plaintiff does not attempt to explain why she was paid for an extra hour.  Instead, Plaintiff alleges that she actually worked "approximately 48 hours" during the June 11 week, *see* AC ¶ 15, but does not explain how she determined that number in a way that does not contradict other allegations she makes in the Amended Complaint.[2]  To the extent Plaintiff attempts to provide additional detail about the hours she worked in her Opposition, these details are not properly before the Court.  *Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 WL 296561, at *3 (S.D.N.Y. Feb. 11, 2003) ("[M]ore specific allegations contained in an opposing brief cannot be used to supplement otherwise conclusory allegations in a complaint.").

---

[2] For example, as Defendant notes, given that Plaintiff claims she worked 5 additional hours during the June 11, 2018 week because of her practice of working through lunch, *see* AC ¶ 15, this would mean that Plaintiff either took no lunch at all on five days or took less than ten minutes of lunch per day that week.  This contradicts Plaintiff's earlier statement that her lunch breaks were generally "30 minutes and never exceeded 45 minutes."  AC ¶ 13.  To the extent these allegations are contradictory, the Court is not bound to accept them as true, even on a motion to dismiss.  *U.S. Bank Nat'l Ass'n v. Bank of Am., Nat'l Ass'n*, No. 12-cv-4873, 2012 WL 6136017, at *7 (S.D.N.Y. Dec. 11, 2012) ("Where plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.").

Plaintiff's inconsistent and conclusory allegations regarding this week do not allow the Court to

find that she has stated an FLSA claim.  *See Romero v. Metropolitan Transp. Auth.*, 444 F. Supp.

3d 583, 587-88 (S.D.N.Y. Mar. 12, 2020) (collecting cases regarding conclusory allegations).

In the end, the Court is left in the same place it started.  Plaintiff's Amended Complaint

provides conclusory and overly generalized statements about working overtime "sometimes."

Plaintiff's only attempt to provide an example of her overtime work is inconsistent and does not

provide any more specific details about when or how she calculated the hours worked.  In the

absence of more particular allegations, the Court cannot find that the Amended Complaint sets

out a plausible claim for relief on the FLSA claim.

**B.**     ***The Court Will Not Exercise Supplemental Jurisdiction Over the NYLL Claims***

Plaintiff's Amended Complaint also includes a cause of action under the NYLL for

failure to pay gap time wages and failure to give proper notice under the "Wage Theft Prevention

Act."  AC ¶ 24.  Plaintiff asserts that the Court has jurisdiction over these claims pursuant to 28

U.S.C. § 1367, the Supplemental Jurisdiction statute.  AC ¶ 5.  That statute provides that "in any

civil action of which the district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of

the United States Constitution."  28 U.S.C. § 1367(a).  However, it also provides that "[t]he

district courts may decline to exercise supplemental jurisdiction over a claim under subsection

(a) if the district court has dismissed all claims over which it has original jurisdiction."  *Id.* §

1367(c).

Here, while the Court would have original jurisdiction over Plaintiff's FLSA claim

pursuant to 28 U.S.C. § 1331 (*i.e.* federal question jurisdiction), that claim is dismissed.

Defendant urges the Court to refuse to exercise supplemental jurisdiction over the NYLL claims

and to dismiss the case.  *See* Def. Br. at 13-15.  Plaintiff does not respond to this argument in her

Opposition despite a full and fair opportunity to do so.  As a result, the Court declines to exercise

supplemental jurisdiction over the NYLL claim in this case.  Plaintiff may seek to reassert this

claim in a Court with appropriate subject matter jurisdiction.

## C.    *Further Leave to Amend is Denied*

In a single line at the end of her Opposition, Plaintiff requests an opportunity to amend

her complaint again.  *See* Opp. at 3.  Defendant opposes any further amendment.  *See* Def. Reply

at 3.  The Court will not grant leave to amend here.

The Federal Rules of Civil Procedure provide that leave to amend should be "freely

give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, in this case, two

factors militate against granting Plaintiff leave to amend.  First, Plaintiff's request for leave was

contained in the final sentence of a three-page opposition to the Motion.  *See* Opp. at 3.  Plaintiff

does not explain what, if any, facts she intends to marshal in a Second Amended Complaint.

This would be sufficient to deny leave now.  *See Oakley v. Dolan*, 2020 WL 818920, at *16

(S.D.N.Y. Feb. 19, 2020) ("[T]he Second Circuit has consistently stated that district courts may

deny leave to amend when plaintiffs request such leave in a cursory sentence on the last page of

an opposition to a motion to dismiss, without any justification or an accompanying proposed

amended pleading."), *rev'd in part on other grounds*, 980 F.3d 279 (2d Cir. 2020).

However, in this case, the Court also informed Plaintiff that the filing of her Amended

Complaint would be her "last opportunity to amend the complaint in response to arguments

raised in the [pre-motion] letters."  *See* Scheduling Order, ECF No. 10.  Defendant's pre-motion

letter set out all of the arguments made in the present Motion, including failure to plausibly plead

overtime work and the request that the Court not take supplemental jurisdiction over the NYLL

claim.  *See* Letter to Court from Mark Siegmund at 2-3, ECF No. 8.  As a result, Plaintiff was

already on notice that she would not get an additional opportunity to amend her complaint unless

new arguments were raised in response to her amended claims.  Because they were not, leave to

amend further is denied.  *Cf. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752

F.3d 173, 188 (2d Cir. 2014) (affirming denial of leave to amend where plaintiffs already had

one opportunity to amend their complaint and had "identified no additional facts or legal

theories" to support their request to amend).

**<u>CONCLUSION</u>**

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Amended

Complaint is GRANTED.  Plaintiff's Fair Labor Standards Act claim is dismissed with

prejudice.  Plaintiff's New York Labor Law claim is dismissed without prejudice for want of

subject matter jurisdiction.

The Clerk of Court respectfully is requested to close the motion at ECF No. 12 and to

close the case.

**SO ORDERED**

Date:  March 10, 2021
     New York, New York

                                       **MARY KAY VYSKOCIL**
                                      **United States District Judge**